**SO ORDERED.**

**SIGNED this 29 day of March, 2006.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

IN RE:

JUDY G. TETTERTON

        Debtor.                                                          Case No. 05-04924-8-JRL

JUDY G. TETTERTON

        Plaintiff,

vs.                                                                                  Adversary Proceeding No.:
                                                                                        05-00257-8-AP
CAPITAL EQUITY SERVICES, LLC,
OCWEN FEDERAL BANK,
PCFS MORTGAGE RESOURCES, INC. and
DAVID W. NEILL, ELIZABETH B. ELLS,
MONICA VANDIFORD OR BRIAN WESSELS,
as Substitute Trustee,

        Defendants.

_____

**ORDER**

This matter is before the court on the motion for judgment on the pleadings filed by defendant

1

Capital Equity Services, LLC, the motion to amend the pleadings filed by the plaintiff, and the motion to amend a prior order filed by defendant Ocwen Federal Bank. On March 21, 2006, the court conducted a hearing in Wilson, North Carolina.

## FACTUAL BACKGROUND

On October 1, 2002, the plaintiff contacted Capital Equity Services, LLC ("Capital Equity") to inquire about refinancing an existing mortgage on her residence. A representative from Capital Equity visited the plaintiff and she filled out a loan application. On November 26, 2002, the plaintiff executed a promissory note in favor of Capital Equity secured by the plaintiff's primary residence located in Edward, North Carolina (the "mortgage loan"). The note was subsequently assigned to Ocwen Federal Bank ("Ocwen Federal").

## PROCEDURAL HISTORY

On June 27, 2005, the plaintiff filed a Chapter 13 petition. U.S. Bank, as trustee, has filed a proof of claim in the case in the amount of $52,370.19, representing the balance on the mortgage loan. On August 30, 2005, the plaintiff filed a complaint objecting to the claim. The first cause of action asserted against the defendants is a violation of the Truth in Lending Act, 15 U.S.C. § 1635. The plaintiff alleges that Capital Equity is subject to the right of rescission and an action for damages under 15 U.S.C. §§ 1635(a) and 1640(a). The second cause of action asserted is a violation of the North Carolina Anti-Predatory Lending Act, N.C.G.S. § 24-1.1A. The plaintiff contends that Capital Equity charged impermissible fees to the plaintiff in connection with the closing of her mortgage loan.

The third cause of action asserted is a violation of the North Carolina Usury Law, N.C.G.S. §

24-10(a). The fourth and fifth causes of action are breach of fiduciary duty and fraud.[1] The sixth cause of action asserted is a violation of the North Carolina Unfair Trade Practices Act, N.C.G.S. § 75-1. The plaintiff contends that Capital Equity is subject to this claim under § 24-1.1E(d). In her seventh cause of action, the plaintiff asserted an equitable claim for unjust enrichment.[2]

On November 30, 2005, Ocwen Federal filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The basis for the motion was that the plaintiff's claims under 15 U.S.C. §§ 1635 and 1640, N.C.G.S. §§ 24-1.1E and 24-10(a), and N.C.G.S. § 75-1 were barred by the applicable statue of limitations. In an order dated March 1, 2006, this court found that none of the plaintiff's claims are time barred. As these claims were asserted as a defense in recoupment, the statute of limitations does not apply.[3] See 15 U.S.C. § 1640(e) (2005); N.C.G.S. § 25-3-305(a)(3) (2005). Accordingly, the court denied the defendant's motion to dismiss.

On January 5, 2006, the defendant Capital Equity filed a motion for judgment on the pleadings on the plaintiff's claim that it violated N.C.G.S. § 24-1. As the plaintiff filed her complaint more than two years after the mortgage loan transaction, Capital Equity contends that the claim is barred by the two year statute of limitations.[4]

On February 9, 2006, the plaintiff filed a response to Capital Equity's motion arguing that the

---

[1] The plaintiff withdrew this claim as to defendant Ocwen Federal.

[2] The plaintiff withdrew this claim as to defendant Ocwen Federal.

[3] The statute of limitations had not run on the plaintiff's claim asserted under 15 U.S.C. § 1635.

[4] See N.C.G.S. § 1-53(2) and (3).

claims under N.C.G.S. § 24-1 were asserted as a defense in recoupment. Due to the alleged proof of claim that Ocwen Federal filed in this case to recover the balance of the mortgage loan, the plaintiff contends that she must defend herself. She argues that the claims asserted in recoupment are not time barred.

On February 9, 2006, the plaintiff filed a motion for leave to amend her complaint for the purpose of conforming her allegations to information uncovered or determined since the complaint was filed. The defendant Ocwen Federal objected as the amended complaint restates the same claims, of which most are time barred. Ocwen Federal further asserts that the plaintiff has no basis for liability against it as it is no longer the holder and owner of the note in question.

On March 10, 2006, the defendant Ocwen Federal filed a motion to amend the order of this court denying its motion to dismiss. The order indicates that Ocwen Federal is the owner and holder of the note and deed of trust, securing the plaintiff's mortgage loan. Ocwen Federal asserts that U.S. Bank, as trustee, filed a proof of claim in this case and is the true owner and holder of the note. Ocwen Federal seeks an order amending the prior order and determining that the defendant is not liable to the plaintiff.

## DISCUSSION

I.   Judgment on the Pleadings

Under N.C.G.S.§ 25-3-305(a)(3), a "claim in recoupment of the obligor against the original payee of the instrument" or the transferee of the instrument is permitted "if the claim arose from the transaction that gave rise to the instrument." In Bull v. United States, the United States Supreme Court found that the defense of recoupment "is never barred by the statute of limitations so long as the main action itself is timely." 295 U.S. 247, 262 (1935). In the context of bankruptcy, a proof of claim filed in

a case operates as an action to collect a debt. See Hill v. Allright Mortgage Co. (In re Hill), 213 B.R. 934, 942 (Bankr. D. Md. 1996); In re Woolaghan, 140 B.R. 377, 381 (Bankr. W.D. Pa. 1992). A claim that would be barred by the statute of limitations if asserted independently in state court, may be asserted by a debtor as a defense in recoupment against a creditor's proof of claim. See In re Kenderdine, 118 B.R. 258, 264 (Bankr. E.D. Pa. 1990).

In this case, Capital Equity has not filed a proof of claim; therefore, there is no "action" brought by Capital Equity against the plaintiff. The claims under N.C.G.S. § 24-1 cannot be asserted as a defense in recoupment if there is no action to defend. The statue of limitations for claims asserted under N.C.G.S. § 24-1 is two years. The plaintiff filed her complaint on August 30, 2005 and the mortgage loan transaction occurred on October 1, 2002. As more than two years passed before the plaintiff initiated this action, her claim is time barred.

II.     Motion for Leave to Amend Pleadings

Under Rule 15(a) of the Federal Rules of Civil Procedure, "a party may amend the party's pleadings only by leave of court or by written consent of the adverse party." This rule has been interpreted by the United States Supreme Court to allow a party to amend pleadings "in the absence of any apparent or declared reasons – such as undue delay, bad faith or dilatory motive on the part of the movant." Foman v. Davis, 371 U.S. 178, 182 (1962). The Court also stated that leave to amend should be "freely given." Id.

The defendant in this case, Ocwen Federal, has not asserted that the plaintiff's motion to amend her pleadings is the result of "undue delay, bad faith, or dilatory motives." Its objection is based on the assertion that the plaintiff's claims are time barred and that Ocwen Federal is not the owner and holder

5

of the note. These assertions are better suited for a motion for summary judgment than a motion to amend a prior order. The defendant does not provide adequate grounds for denying the plaintiff's motion to amend.

III.    Motion to Amend Order

When considering a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Lab., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

In the case at bar, the plaintiff indicates throughout her complaint that Ocwen Federal is the holder of the underlying note and deed of trust, securing the mortgage loan. Ocwen Federal does not deny this allegation in its motion to dismiss or the brief supporting the motion.[5] In its motion to amend, Ocwen Federal attached the proof of claim, filed by U.S. Bank, as trustee, in this case. This document does not provide the entity for whom U.S. Bank is trustee and the court notes that Ocwen Federal is receiving all notices in this case. Further, Ocwen Federal initiated a previous foreclosure action in state court; however, it is unclear how it had standing if it is not the holder of the note and deed of trust. The court, in denying the defendant's motion to dismiss, accepted the plaintiff's pleadings as true. Due to the complicated and ambiguous facts of this case, dismissal under Rule 12(b)(6) would have been

---

[5] Although both the motion to dismiss and the brief supporting the motion refer to the defendant Ocwen Federal as the "alleged holder" of the note, neither document affirmatively denies the plaintiff's allegations or asserts that Ocwen Federal did not file a proof of claim in this case.

inappropriate.

## **CONCLUSION**

Based on the foregoing, the court finds that the plaintiff's claim asserted against the defendant Capital Equity under N.C.G.S. § 24-1 is time barred. Accordingly, the motion for judgment on the pleadings is granted. There are no grounds for denying the plaintiff's motion to amend the pleadings. Accordingly, the motion to amend the pleadings is granted. The court's order denying the defendant Ocwen Federal's motion to dismiss was warranted and the defendant is not entitled to an amendment. Accordingly, the motion to amend a prior order is denied.

**"End of Document"**