**SO ORDERED.**

**SIGNED this 05 day of October, 2006.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NEW BERN DIVISION

IN RE:

    JUDY G. TETTERTON,

                  Debtor.                      Case No. 05-04924-8-JRL

    JUDY G. TETTERTON,

                  **Plaintiff,**

    vs.                                                Adversary Proceeding No.:
                                                                      05-00257-8-AP

    CAPITAL EQUITY SERVICES, LLC,
    OCWEN FEDERAL BANK,
    PCFS MORTGAGE RESOURCES, INC.,
    MARK S. SLAWINSKI,
    FIRST FIDELITY MORTGAGE, A.K.A. METAMERICA,
    MORTGAGE BANKERS, INC., and
    DAVID W. NEILL, ELIZABETH B. ELLIS,
    MONICA VANIFORD or BRIAN WESSELS, as Substitute Trustee

                  **Defendants.**

_____

**ORDER**

This case is before the court on Defendant Mark S. Slawinski's motion to dismiss and on the

plaintiff's motion to amend the amended complaint. On September 26, 2006, the court conducted a hearing on these matters in New Bern, North Carolina.

## BACKGROUND

On October 1, 2002, plaintiff contacted Capital Equity Services, LLC ("Capital Equity") to inquire about refinancing an existing mortgage on her residence. At that time Mr. Slawinski worked for Metamerica Mortgage Bankers, Inc. ("Metamerica"), a mortgage broker, and handled the refinancing of plaintiff's mortgage loan. On November 26, 2002, plaintiff executed a promissory note in favor of Capital Equity secured by the plaintiff's primary residence located in Edward, North Carolina. On June 27, 2005, plaintiff filed a Chapter 13 petition. On August 30, 2005, plaintiff filed a complaint objecting to the secured claim asserted by Ocwen Federal. Additionally, the complaint alleged a number of statutory violations by Ocwen Federal and other defendants in connection with the above mortgage loan.

## ANALYSIS

**1.    Motion to Dismiss**

On July 10, 2006, plaintiff amended her complaint to include, among other items, a cause of action against Mr. Slawinski for violations of N.C. Gen. Stat. § 53-243.1 et. seq. ("Mortgage Lending Act") and a breach of duty of loyalty claim. Mr. Slawinski asserts that the Mortgage Lending Act does not contain a private right of action and therefore the claim against Mr. Slawinski should be dismissed.[1] Alternatively, Mr. Slawinski asserts that even if the Mortgage Lending Act does contain a private right

---

[1] Mr. Slawinski acknowledges that N.C. Gen. Stat. § 53-243.05(f) does provide for an individual to bring suit directly on the surety bond.

2

of action, the claim is barred by the statute of limitations. Since the Mortgage Lending Act contains no specific statute of limitation, N.C. Gen. Stat. § 1.52 provides a three-year statute of limitations. The amended complaint adding Mr. Slawinski as a defendant was filed three and a half years after the closing of the mortgage, and thus Mr. Slawinski contends that plaintiff's claim is barred by the three-year statute of limitations.

Whether there is a private right of action under the Mortgage Lending Act is a difficult issue and is best left to the North Carolina courts. At this time, the court does not need to reach that issue, because even assuming there is a private right of action under the Mortgage Lending Act the statute of limitations for plaintiff's claim is three years. The three years run from November 26, 2002. Plaintiff's amended complaint adding Mr. Slawinski as a defendant was filed July 10, 2006, and does not fall within the applicable three year period.

Based on the foregoing, the court finds that plaintiff's claim against Mr. Slawinski based on the Mortgage Lending Act is barred by the statute of limitations. Therefore, the court grants Mr. Slawinski's motion to dismiss Count V as it applies to him.

**2.     Motion to Amend Amended Complaint**

On September 6, 2006, plaintiff moved to amend the amended complaint to include, among other things, a cause of action against Mr. Slawinski for violation of N.C. Gen. Stat. § 75-1.1. Plaintiff asserts that Mr. Slawinski's actions in violation of the Mortgage Lending Act also constitute unfair or deceptive trade practices, and therefore plaintiff brings a cause of action under N.C. Gen. Stat. § 75-1.1. Since the applicable statute of limitation under N.C. Gen. Stat. § 75-1.1 is four years, plaintiff asserts that her claim under this section falls within the required period.

Mr. Slawinski contends that N.C. Gen. Stat. § 75-1.1 should not allow a cause of action in violation of duties imposed by the Mortgage Lending Act. Mr. Slawinski asserts that since the Mortgage Lending Act already provides for a private right of action against the surety bond for violation of the duties created by the Act, N.C. Gen. Stat. § 75-1.1 should not provide an additional remedy. However, the North Carolina courts have rejected the argument that actions governed by an extensive state regulatory scheme may not also constitute an unfair or deceptive trade practice cause of action arising out of the same transactions. See Golden Rule Ins. Co. v. Long, 113, N.C. App. 187, 196, 439 S.E.2d 599, 604 (1993) (holding that "unfair and deceptive acts in the insurance area are not regulated exclusively by N.C. Gen. Stat. § 58-63, but are also actionable under N.C. Gen. Stat. § 75-1.1."). Additionally, the Supreme Court of North Carolina held that N.C. Gen. Stat. § 75-1.1 applies to mortgage brokers. Johnson v. Phoenix Mut. Life Ins. Co., 300 N.C. 247, 261, 266, S.E.2d 610, 620 (1980).

Since North Carolina clearly recognizes a cause of action against a mortgage broker for violation of N.C. Gen. Stat. § 75-1.1, the court does not find that the motion to amend the amended complaint is futile. Additionally, this case is still in the pleading stages and Mr. Slawinski made no assertions that allowing such an amendment would prejudice him. Therefore, the court grants the plaintiff's motion to amend the amended complaint. However, as the second amended complaint contains the cause of action against Mr. Slawinski dismissed herein, Count V as to Mr. Slawinski is also stricken from the second amended complaint.

"END OF DOCUMENT"